Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 0027 | **DATE** | May 20, 2002 |
| **CASE TITLE** | Felix Alicea v. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion order, this Court GRANTS Defendant City of Chicago's motion to dismiss as to the claims against Defendant Anthony Jason in his official capacity and as to the section 1981 and 1983 claims, *sua sponte* dismisses the Title VII claims against Defendant Anthony Jason in his individual capacity, and DENIES the motion to dismiss as to the Title VII race discrimination claim against the City [10-1].

(11) ■ [For further detail see attached memorandum and opinion order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 22 2002 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELIX ALICEA, | ) |
| | ) No. 02 C 0027 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| CITY OF CHICAGO and ANTHONY | ) |
| JASON, in his official and individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Felix Alicea ("Alicea") brings a discrimination and retaliation action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., 42 U.S.C. §§ 1981 and 1983. Alicea alleges that his employer, City of Chicago Department of Aviation (the "City")[1], discriminated against him on the basis of race and national origin by failing to take corrective action against Alicea's plant manager, Anthony Jason ("Jason"), who allegedly used racial slurs when referring to Alicea since 1998. Alicea further alleges that the City retaliated against him for complaining about the harassment by issuing him written reprimands and by suspending him. Before this Court is the City's motion to dismiss in part Alicea's complaint. For the reasons stated below, this Court GRANTS in part and DENIES in part the City's motion to dismiss.

---

[1] Because the Department of Aviation is a non-suable entity, see e.g., McCraven v. City of Chicago, 18 F.Supp.2d 877, 881 (N.D. Ill. 1998), the parties have agreed to strike the Department of Aviation from the caption of this case.

-1-

## I. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Such a motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Delgado v. Jones, 282 F.3d 511, 515 (7th Cir. 2002). In ruling on the motion to dismiss, this Court not only accepts as true all well-pleaded factual allegations in the complaint, but it also draws all reasonable inferences from those facts in favor of the plaintiff. First Ins. Funding Corp. v. Fed. Ins. Co., 284 F.3d 799, 804 (7th Cir. 2002) (citing Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 521 (7th Cir. 2001).

## II. Background

The following facts are taken from the complaint. Alicea, a Hispanic male of Puerto Rican decent, was hired as a laborer by the City's Department of Aviation in 1989 and he currently continues in that position. Alicea alleges that since 1998 his plant manager, Jason, a Caucasian male, has subjected Alicea to racial slurs on a daily basis.[2] As a result, Alicea filed a harassment grievance with the City on December 2, 1999. After filing the grievance, on December 9, 1999, Alicea received a written reprimand and was suspended. He received an additional written reprimand on December 15, 1999.

On December 16, 1999, Alicea filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On the EEOC form, Alicea checked the box

---

[2] Some of the racial slurs Alicea alleges that he was called on numerous occasions are "pork chop" (a derogatory term for Puerto Ricans), "spic," "racoon," and "Felix Bin Laden."

labeled "National Origin" as the basis for the discrimination charge. The text of the charge reads, "Since my employment I have been subject to harassment in the form of ethnic slurs. I have complained to management but the harassment continued. I believe I have been discriminated against based on my national origin, Puerto Rican, in violation of Title VII of the Civil Rights Act of 1964, as amended." On October 15, 2001, Alicea received a "right to sue" letter from the EEOC, and he filed this three-count complaint against the City and Jason on January 2, 2002. Count I of the complaint alleges race discrimination in violation of Title VII, Count II alleges national origin discrimination, and Count III is a retaliation claim.

### III. Discussion

The City moves to dismiss part of Alicea's complaint. First, the City argues Count I of the complaint should be dismissed because Alicea's Title VII race claim was not set forth in his EEOC charge, and it therefore is not reasonably related to the allegations in the charge. Second, the City argues that all of the claims against Jason in his official capacity are duplicative because they are considered suits against the city. Additionally, because the City is not liable for punitive damages, the City argues that Alicea's requests for punitive damages against Jason in his official capacity are improper. Third, the City moves to dismiss Alicea's section 1981 and 1983 claims, arguing he has failed to state a claim. This Court addresses each claim in turn.

*A. Alicea's Title VII Race Discrimination Claim*

Generally, a Title VII plaintiff may bring only those claims included in the underlying EEOC charge, or those that are "like or reasonably related to the allegations of the charge and growing out of such allegations." McKenzie v. Ill. Dept. of Transportation, 92 F.3d 473, 481 (7th Cir. 1996) (citations omitted). The Seventh Circuit has held that this standard is met if there

-3-

is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. Id. The claims are not alike or reasonably related unless there is a factual relationship between them; this means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals. Id.

This Court finds that Alicea's race discrimination claims clearly meets this standard. The race and national origin discrimination claims are alike and reasonably related because they describe the same conduct and implicate the same individuals. Since the Seventh Circuit has stressed that the "essential question" is "what EEOC investigation could reasonably be expected to grow from the original complaint," Novitsky v. Am. Consulting Engineers, L.L.C., 196 F.3d 699, 701 (7th Cir. 1999), this Court finds that a charge alleging natural origin discrimination because of "ethnic" slurs naturally would lead to an investigation of the nature of any slurs, including "racial" slurs.

The City, however, argues that Alicea's race discrimination claims should be dismissed because the only box checked on the EEOC discrimination charge was for national origin and not race. While admittedly, in some cases, failure to check the box for race discrimination on the EEOC charge form can result in dismissal of race claims, see Rodgers v. Arlington Heights Sch. Dist. No. 25, 171 F. Supp. 2d 773, 776-78 (N.D. Ill. 2001); Davis v. Quebecor World, No. 01 C 8014, 2002 WL 27660, at *1-2 (N.D. Ill. Jan. 10, 2002); Flaherty v. Marchand, No. 00 C 0565, 2001 WL 1242884, at *2-3 (N.D. Ill. Oct. 17, 2001), such failure does not mandate automatic dismissal of Alicea's race discrimination claims, see Torres v. City of Chicago, No. 99 C 6622, 2000 WL 549588, at *2 (N.D. Ill. Apr. 28, 2000).

In this case, even though the EEOC did not check the box for race discrimination, the national origin and race claims are alike and reasonably related. In its reply brief, the City cites Babrocky v. Jewel Food Co., 773 F.3d 857, 863 (7th Cir. 1985), arguing that allowing the race discrimination claim would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the City of notice of the race discrimination claim since it only received notice of the national origin discrimination claim. This argument, however, is hardly persuasive considering the fact that the race discrimination claim arises out of the same conduct and the same individuals. Indeed, as the Babrocky court also stated:

> A limited EEOC investigation is not necessarily fatal to a complaint that contains allegations like or reasonably related to the EEOC charge but that the EEOC, for some reason or another, failed to investigate. Conditioning a plaintiff's right to recover on the omissions of other parties would unduly undermine the remedial purposes of Title VII. In cases in which the EEOC investigation was overly narrow, the proper inquiry would be into what EEOC investigation could reasonably be expected to grow from the original complaint.

Id. at 864 n.2.

Further, it is clear from Alicea's intake questionnaire that Alicea intended a charge of racial discrimination as well as a national origin discrimination claim.[3] First, Alicea actually checked the box labeled "race" on the intake questionnaire. Second, Alicea specifically wrote, "I got tire[d] of his using racial names." Finally, Alicea also wrote, "that [is] what most other race[s] call Puerto Ricans." While usually it is the EEOC discrimination charge that is relevant in assessing the scope of the claim, see Novitsky, 196 F.3d 699, 702 (7th Cir. 1999), "allegations

---

[3] Since Alicea has submitted documents outside the pleadings for this Court's consideration, he implicitly is inviting this Court to decide this issue as a Motion for Partial Summary Judgment. See Sickinger v. Mega Sys., Inc., 951 F.Supp. 153, 156 (N.D. Ill. 1996). The Court accepts the invitation and considers the additional submissions.

outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations" Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 502 (7th Cir. 1994); see also James F. Jackson v. Local 705, Int'l Broth. of Teamsters, AFL-CIO, No. 95 C 7510, 2002 WL 460841, at *3 (N.D. Ill. Mar. 26, 2002) (holding an EEOC intake questionnaire and memorandum may be considered because the plaintiff "clearly intended the EEOC to investigate racist comments in his workplace"). Especially in cases such as this one, where the plaintiff's intent is manifested in writing on a form submitted to the EEOC and where a race discrimination claim naturally would result from an investigation of ethnic slurs, it would be manifestly unfair to prohibit a plaintiff from bringing a Title VII race discrimination claim simply because the EEOC neglected to check a box. The City's motion to dismiss regarding this issue is DENIED.

### B. Claims against Anthony Jason in his Official Capacity and Request for Punitive Damages

The City also moves to dismiss the claims against Jason in his official capacity and Alicea's requests for punitive damages against Jason in his official capacity as duplicative claims. Alicea concedes that punitive damages are not available against individuals sued in their official capacities, see Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir. 1990), therefore this Court dismisses all punitive damages claims against Jason in his official capacity.

In addition, the City argues that, because Alicea has named the City as a defendant, claims against Jason in his official capacity are duplicative because official capacity suits are the same as suits against the entity of which the employee is an agent. This Court agrees. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citations

omitted). Alicea mistakenly relies on Murray v. Lichter, et al., No. 95 C 1921, 1995 WL 631794 (N.D. Ill. Oct. 24, 1995), arguing that a plaintiff merely need allege sufficient facts that the state employee exercised control over his or her employment. As the City points out in its reply brief, however, the Murray defendants sought dismissal in their official capacities, but not because the claim against them was duplicative. In fact, as Judge Plunkett noted in that case, "since we are addressing official capacity liability, the question is really one of the employer's liability for the acts of its supervisory personnel." Id. at *6 n.5. Thus, because Alicea already names the City as a defendant, the claims against Jason in his official capacity are dismissed as duplicative.[4]

## C. Section 1981 and 1983 claims

The City argues that Alicea's section 1981 and 1983 claims should be dismissed because Alicea has failed to state a claim. To bring a municipal liability claim against the City, the plaintiff must allege that "the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law." McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000). Further, a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint. Id. at 323-23.

In McCormick, the defendant moved to dismiss the *pro se* plaintiff's complaint for failure to allege facts that lead to legal conclusions regarding a section 1983 claim. Id. The complaint in McCormick contained a number of conclusions, including a "smattering of phrases like

---

[4] This Court also dismisses *sua sponte* the Title VII claims against Jason in his individual capacity because it is well established that individuals cannot be sued under Title VII in their individual capacities. Sattar v. Motorola, 138 F.3d 1164, 1168 (7th Cir. 1998); Williams v. Banning, 72 F.3d 552, 553-55 (7th Cir. 1995).

-7-

'highest policymaking officers' and 'widespread custom,'" and the court found that the complaint was sufficient to survive the motion to dismiss because the Federal Rules of Civil Procedure do not allow claims that lack factual specificity to be dismissed. Id. at 324-25.

Alicea's complaint, however, fails to state a claim under section 1981 and 1983 even under these liberal pleading requirements. Unlike the *pro se* plaintiff in McCormick, Alicea alleges neither general boilerplate legal conclusions nor factual specificity that would lead to legal conclusions that would put the City on sufficient notice of the nature of Alicea's alleged municipal policy claims. In his complaint, the closest Alicea comes to alleging a policy or custom is when he alleges that the City's "agents condone such conduct and refuse to take necessary action to correct the discrimination and racial harassment." Compl. ¶ 39. The Seventh Circuit, however, has clearly held that accusations that a defendant did not do enough are "shortcomings of [the] kind [that] are distinct from a policy or custom of racial discrimination." Smith v. Chicago Sch. Reform Bd. of Trustees, 165 F.3d 1142, 1149 (7th Cir. 1999). The City's motion to dismiss the section 1981 and 1983 claims is therefore GRANTED.

### III. Conclusion

For the foregoing reasons, this Court GRANTS Defendant City of Chicago's motion to dismiss as to the claims against Defendant Anthony Jason in his official capacity and as to the section 1981 and 1983 claims, *sua sponte* dismisses the Title VII claims against Defendant

Anthony Jason in his individual capacity, and DENIES the motion to dismiss as to the Title VII race discrimination claim against the City.

Enter:

David H. Coar
United States District Judge

Dated: May 20, 2002